

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

NESIM BAHAR, SIMON ELIAS,                    )
JACQUELINE M. C. ELIAS, IZAK                 )
SENBAHAR and SARAH SENBAHAR,                 )
                                         )
    Plaintiffs,            )
                                         )
    v.                     )    Civil No._____
                                         )
UNITED STATES OF AMERICA,                    )
                                         )
    Defendant.             )
                                         )

**08 CIV 4738**

## COMPLAINT TO TEMPORARILY RESTRAIN AND PERMANENTLY ENJOIN COLLECTION OF INVALID ASSESSMENTS

Plaintiffs Nesim Bahar, Simon Elias, Jacqueline M. C. Elias, Izak Senbahar and Sarah Senbahar file this Complaint pursuant to Sections 6213 and 6230 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1 - 9833, as amended (the "Code"), seeking to temporarily restrain and then to permanently enjoin the Internal Revenue Service (the "Service") from collecting on invalid assessments for the Plaintiffs' 2003 through 2005 taxable years and as the basis for this case alleges as follows:

## I.     THE PARTIES

### A.     Nesim Bahar

1.     Nesim Bahar ("Bahar") filed Federal Income Tax Returns, Forms 1040, for the 2002 through 2005 taxable years.

2.     Mr. Bahar's principal residence is 165 Charles Street, Unit #25, New York, NY 10014.

**B.**    <u>**Simon and Jacqueline M. C. Elias**</u>

3.    Simon and Jacqueline M. C. Elias ("Elias") are a married couple that jointly filed Federal Income Tax Returns, Forms 1040, for the 2002 through 2005 taxable years.

4.    Mr. and Mrs. Elias' principal residence is 400 East 51st Street, Apt. PH30, New York, NY 10022.

**C.**    <u>**Izak and Sarah Senbahar**</u>

5.    Izak and Sarah Senbahar ("Senbahar") are a married couple that jointly filed Federal Income Tax Returns, Forms 1040, for the 2002 through 2005 taxable years.

6.    Mr. and Mrs. Senbahars' principal residence is 2 East 88th Street, 10th Floor, New York, NY 10128.

**D.**    <u>**Defendant**</u>

7.    The defendant is the United States of America, having taken the actions complained of through its agency, the Service.

## II.    <u>JURISDICTION AND VENUE</u>

8.    This Court has jurisdiction pursuant to 28 U.S.C. § 1346(a)(1) and Code Sections 6213(a) and 6230.

9.    Venue is proper within this District pursuant to 28 U.S.C. §1402(a)(1) because the Plaintiff resides within this judicial district.

## III.    <u>FACTUAL ALLEGATIONS</u>

10.    Mr. Bahar, through his wholly-owned limited liability company, Bahar-USA Developments LLC ("Bahar-USA"), is a partner within the meaning of Code Section 6231(a)(2), in Kislev Partners, L.P. ("Kislev"), a limited partnership organized under the laws of the State of Delaware that is treated as a partnership for federal income tax purposes. Bahar-USA is

disregarded as an entity separate from Mr. Behar for federal income tax purposes under 26 C.F.R. § 301.7701-3(b)(1)(ii).

11.     Mr. Elias is a partner, through his wholly-owned limited liability company Games, L.L.C. ("Games"), within the meaning of Code Section 6231(a)(2) in Kislev.  Games is disregarded as an entity separate from Mr. Elias for federal income tax purposes under 26 C.F.R. § 301.7701-3(b)(1)(ii).

12.     Mr. Senbahar is a partner within the meaning of Code Section 6231(a)(2) in Kislev.

13.     Kislev incurred a $140,636,109 loss in 2002 on the conversion of euros into United States dollars.

14.     Code Section 704(d) provides that a partner's distributive share of partnership loss shall be allowed only to the extent of the adjusted basis of such partner's interest in the partnership.  Any excess loss is deferred until the partner has sufficient basis in its partnership interest to claim the loss.  Because of this basis limit, Plaintiffs could deduct only a portion of Kislev's 2002 loss on their respective 2002 individual income tax returns.  Therefore, Kislev reported only a portion of the 2002 loss to Plaintiffs.  A portion of Plaintiffs' distributive share of the 2002 loss was thereafter reported on their respective 2003 through 2006 tax returns, Forms 1040.

15.     On March 28, 2007, the Service issued a notice of Final Partnership Administrative Adjustment (the "FPAA") for Kislev's 2002 taxable year.  A copy of the FPAA is attached as Exhibit A.  The FPAA disallowed losses reported on Kislev's Form 1065 filed for

the taxable year ending December 31, 2002, including $6,551,884 of the $140,636,109 loss from the conversion of euros into United States dollars.[1]

16.    On August 22, 2007, Mr. Bahar, a notice partner in Kislev within the meaning of Code Section 6231(a)(8), filed a Complaint for Readjustment of Partnership Items Under Code Section 6226 in the United States Court of Federal Claims challenging the adjustments set forth in the FPAA for 2002.    That case, styled *Kislev Partners, L.P. v. U.S.*, No. 1:07-CV-00625-MCW, is pending before the Court of Federal Claims.

17.    The partnership audit of Kislev's 2003 through 2005 taxable years is ongoing.  No notice of final partnership administrative adjustment has been issued by the Service to Kislev for any of its 2003 through 2005 taxable years.

18.    No notice of deficiency required by Code Section 6212 has been issued by the Service to the Plaintiffs for any of the taxable years 2002 through 2005.

19.    Without following any of the procedures required prior to the making of assessments, by Notices Numbered CP22E and dated December 10, 2007, the Service has assessed Bahar $2,306,305.07 for the tax year ending December 31, 2003 and $2,209,134.70 for the tax year ending December 31, 2005.  Copies of the notices are attached as Exhibit B and Exhibit C, respectively.

---

[1] The Kislev partners did not have sufficient basis in their Kislev interests to utilize, under Code Section 704(d), all of the $140,636,109 loss from the conversion of the euros.  Consequently, Kislev reported, on its 2002 tax return, Form 1065, a loss of $6,551,884 on Schedule K, line 7 and reported a deferred loss of $134,084,225 in Statement 5 to Schedule L, Line 13.  The partnership generated income in later years that increased the partners' bases in their partnership interests and the partnership reported a portion of the 2002 deferred loss on Lines 7 or 11 of the Schedules K attached to each year's Form 1065.  Kislev has now determined that, although there was no effect on its partners' tax reporting, the more appropriate manner for reporting the 2002 loss was to report the entire $140,636,109 loss on line 7 of the Schedule K attached to its 2002 Form 1065 and is proceeding to amend its filings to report the loss in this manner.  This action will not affect the manner in which the partners reported their distributive share of the $140,636,109 loss in 2002 or the later years.  For purposes of Plaintiff's complaint, Plaintiff is prepared to treat the FPAA as though it disallowed the entire $140,636,109 of loss.

20.    Without following any of the procedures required prior to the making of assessments, by Notices Numbered CP22E and dated December 10, 2007, the Service has assessed Mr. and Mrs. Elias $10,861,684.43 for the tax year ending December 31, 2003 and $9,709,026.74 for the tax year ending December 31, 2005. Copies of the notices are attached as Exhibit D and Exhibit E, respectively.

21.    Without following any of the procedures required prior to the making of assessments, by Notices Numbered CP22E and dated December 3, 2007, the Service has assessed Mr. and Mrs. Senbahar $10,246,106.40 for the tax year ending December 31, 2003, $3,133,358.87 for the tax year ending December 31, 2004, and $12,319,361.25 for the tax year ending December 31, 2005. Copies of the notices are attached as Exhibit F through Exhibit H, respectively.

22.    The individual assessments sent to each Plaintiff (collectively "the Assessments") are the result of the Service disallowing the portion of the deferred 2002 Kislev loss reported on Plaintiffs' 2003 through 2005 tax returns. This deferred loss is the subject of the action pending in the United States Court of Federal Claims. The invalid Assessments are based on the contention that the Service need not wait for the outcome of the pending case, but can treat the case as though the Court had held in favor of the Service or that the taxpayer had failed to file a petition in Court.

23.    Defendant has no authority to assess taxes in this situation without first issuing a notice of deficiency to Plaintiffs for the 2003 through 2005 years, thereby allowing Plaintiffs to challenge in court the proposed adjustments. Moreover, it cannot issue such a notice until the partnership level proceeding (the United States Court of Federal Claims proceeding) is resolved. Furthermore, even if Defendant were ultimately successful in the action pending in the United

5

States Court of Federal Claims, then under Code Section 6230 it may assess Plaintiffs only after issuing notices of deficiency applying the resolution of that case to Plaintiffs based upon the effect of the decision on Plaintiffs' particular facts. Since none of the conditions precedent have been satisfied, the Assessments issued by the Service are invalid.

24.     Despite its failure to comply with the specific statutory requirements of Code Section 6212, Defendant, by and through the Service, has begun to undertake collection activity with respect to its invalid Assessments.

25.     Specifically, on May 12, 2008, the Service sent a letter to Mr. Bahar stating that it intends to levy on Mr. Bahar's assets. A copy of the May 12, 2008 letter is attached hereto as Exhibit I. The letter states ". . . We will begin to search for other assets [in addition to any state tax refunds to which you may be entitled] we may levy. We can also file a Notice of Federal Tax Lien if we haven't already done so."

26.     Plaintiffs believe in good faith that identical letters have or will be sent shortly to each of them evidencing the Service's intent to file federal tax liens and to levy on their assets.

27.     Plaintiffs seeks a temporary restraining order preventing Defendant from taking further steps to collect on the invalid Assessments and an injunction preventing Defendant from thereafter pursuing the invalid Assessments.

28.     Plaintiffs are real estate developers who currently have, through partnerships in which they are partners, a number of large real estate projects ongoing in the State of New York. The completion of these projects is dependent on significant financing currently in place. In the current lending market, the Service's collection efforts, particularly the imposition of any liens or the levying on any of the Plaintiffs' assets, will irreparably and permanently harm Plaintiffs' business.

IV.    **ANALYSIS**

29.    Plaintiffs seek to temporarily enjoin and restrain the Defendant from proceeding with collection of the invalid Assessments.

30.    Code Section 7421(a), the Anti-Injunction Act, provides that "[e]xcept as provided in [S]ections 6015(e), 6212(a) and (c), **6213(a),** 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), and 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." (Emphasis added).  Code Section 7421(a) does not deny the Court jurisdiction in this case, which is grounded on Code Sections 6213(a) and 6230, which specifically allows injunctions of assessments under Code Section 6213 in partnership situations.  It is clear that an injunction and restraining order should be issued based on these sections.

31.    Code Section 6213(a) of Subchapter B of Chapter 63 provides that other than in jeopardy situations, "no assessment of a deficiency in respect to any tax imposed by [S]ubtitle A or B, [C]hapter 41, 42, 43 or 44 and no levy proceeding in court for its collection shall be made, begun or prosecuted until such notice [of deficiency authorized in Code Section 6212] has been mailed to the taxpayer" and that "[n]otwithstanding the provisions of [S]ection 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court".

32.    Code Section 6230 provides that the deficiency procedures of Subchapter B, which includes Code Section 6213, are applicable to affected items requiring partner level determinations.

33.    The Assessments are the result of the Service's disallowance of the Plaintiffs' reporting of their allocable share of the partnership (Kislev) 2002 losses on his 2003 through 2005 tax returns.

34.    Code Section 6231(a)(3) defines a partnership item as, "with respect to a partnership, any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent the regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level." The Treasury regulations promulgated under Code Section 6231(a)(3) provide that the partnership aggregate, and each partner's share, of "items of income, gain, loss, deduction, or credit of the partnership are partnership items". 26 C.F.R. § 301.6231(a)(3)-1(a).

35.    The Kislev 2002 losses are partnership items and the Assessments result from an asserted deficiency attributable to these partnership items. The Service has no authority to assess partner level adjustments attributable to partnership items until completion of the partnership proceeding. The partnership proceeding is pending in the United States Court of Federal Claims, and has not yet been resolved.

36.    The Service has based its assessments on its claimed right to treat the complaint filed with the Court of Federal Claims for the 2002 year of Kislev as though a decision had been rendered in its favor or as though no complaint had been filed and consequently the partnership had defaulted on the FPAA. In other words, the Service is proceeding as though there had been a final determination of the partnership proceeding in the United States Court of Federal Claims. There is no statutory authority for such a position.

37.    Such a position also conflicts with a fundamental principle in tax law: "Income taxes are levied on an annual basis. Each year is the origin of a new liability and of a separate

cause of action." *Comm'r v. Sunnen*, 333 U.S. 591, 598 (1948). The Service cannot rely on an artificially created default on the FPAA in 2002 to create tax liability for the later years without following the procedures for assessing taxes in the later years.

38.    The Service has not issued notices of deficiency in compliance with Code Section 6213 or 6230 and indeed it cannot do so until the conclusion of the case in the United States Court of Federal Claims. The Assessments are therefore invalid and the Service should be restrained from collection of the Assessments under Code Section 6225(b). *See, e.g., J & J Fernandez Ventures, L.P. v. United States*, 99 A.F.T.R. 2d 2007-2661, 2668 (Fed. Cl. 2007) (collecting cases and holding that the Commissioner may assess taxes for a particular year only after making a partnership determination for that year); *Maxwell v. Comm'r*, 87 T.C. 783 (1986) (barring the Service from assessing deficiencies attributable to a partnership item until after the close of the related partnership proceeding); *GAF Corp. & Subs. v. Comm'r*, 114 T.C. 519, 526 (2000) (determining that the Service's issuance of a notice of deficiency based on affected items was invalid where the related partnership-level proceedings were still ongoing).

39.    Moreover, following the resolution of the partnership proceeding in this case, any decision resulting in a deficiency for the partners would require partner level determinations and therefore the deficiency procedures of Subchapter B would apply.

40.    Section 6230(a)(1)(2)(A)(i) provides that Subchapter B of Chapter 63 of the Code "shall apply to any deficiency attributable to…affected items which require partner level determinations (other than penalties, additions to tax, and additional amounts that related to adjustments to partnership items)…."

41.    Code Section 6231(a)(5) states that an affected item is "any item to the extent such item is affected by a partnership item."

42.    Thus, if the Service were successful in the pending partnership proceeding, the result of that would be to create "affected items" for Plaintiffs.

43.    The invalid Assessments are the result of attempted adjustments of affected items without the benefit of a final partnership determination or a partner level determination. Assessments made without a final partnership determination or a partner level determination under the deficiency procedures of Subchapter B of Chapter 63 of the Code are not authorized under the Code or under any other statute or Treasury regulation.

44.    Code Section 6213(a) of Subchapter B of Chapter 63 provides that other than in jeopardy situations, "no assessment of a deficiency in respect to any tax imposed by [S]ubtitle A or B, [C]hapter 41, 42, 43 or 44 and no levy proceeding in court for its collection shall be made, begun or prosecuted until such notice [of deficiency authorized in Code Section 6212] has been mailed to the taxpayer" and that "[n]otwithstanding the provisions of [S]ection 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court". No notice of deficiency as described in Code Section 6212 has been issued to Plaintiffs. Therefore, under Code Section 6213(a), the Assessments are invalid and the Service should be restrained from collecting on the Assessments.

45.    The Service has violated both Code Sections 6213(a) and 6230 by assessing taxes before issuing either notices of deficiency under Code Section 6212 or notices of final partnership administrative adjustment for the 2003 through 2005 taxable years. Contrary to the protections of the Code, these Assessments deprive the Plaintiffs of his right to proceed to court to contest the asserted deficiencies and consequently should be restrained. Nothing in the Code nor in common sense permits the Service to treat an ongoing litigation in the Court of Federal

Claims (or a United States District Court for that matter) as though the Court had decided the case in its favor or as though the case had not been docketed in the Court.

46.     The Plaintiffs would suffer irreparable harm if the Service were permitted to proceed with collections of the invalid and illegal Assessments and Plaintiffs are likely to succeed in establishing that the assessments are invalid and illegal.

* * *

WHEREFORE, Plaintiff prays that this Court:

1.     Issue a temporary restraining order precluding the Service from collection of the invalid Assessments;

2.     Permanently restrain the Service from collection of the invalid Assessments;

3.     Abate the Assessments; and

4.     Grant Plaintiffs such other and further relief to which Plaintiff is entitled.

Respectfully submitted,

Lewis S. Wiener (LW1990)
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Ave., NW
Washington, DC 20004-2415
Tel: 202.383.0100
Fax: 202.637.3593

Attorney for Plaintiffs

Dated: May 21, 2008

11

## AFFIDAVIT OF NESIM BAHAR

Personally appeared before me, the undersigned, Nesim Bahar, who, being duly sworn, stated:

1.    I, Nesim Bahar, am fully competent to make this affidavit. To the best of my knowledge, all of the facts stated in this affidavit are true and correct.

2.    I am the Sole Member of Bahar-USA Developments LLC which is a partner in Kislev Partners, L.P.

3.    I have received Notices Numbered CP22E and dated December 10, 2007 (the "Assessments") from the Internal Revenue Service assessing me $2,306,305.07 for the tax year ending December 31, 2003 and $2,209,134.70 for the tax year ending December 31, 2005.

4.    I am a real estate developer in the State of New York. I, through partnerships, have a number of real estate development projects, which are dependent on bank financing. The issuance of any liens or levies on my assets will have a substantial adverse effect on my business and as a result I will suffer irreparable harm.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York on May 14th, 2008

_____
Nesim Bahar

Sworn to and subscribed before me this 14th day of May, 2008 by Nesim Bahar, who is known to me to be the affiant herein.

LIYA W. BEAUJEAN
Notary Public, State of New York
No. 01BE5078278
Qualified in Westchester County
Commission Expires May 19, 2011

_____
Notary Public

My commission expires:

_____

1

## AFFIDAVIT OF SIMON ELIAS

Personally appeared before me, the undersigned, Simon Elias, who, being duly sworn, stated:

1.    I, Simon Elias, am fully competent to make this affidavit.  To the best of my knowledge, all of the facts stated in this affidavit are true and correct.

2.    I am a partner in Kislev Partners, L.P.

3.    I have received Notices Numbered CP22E and dated December 10, 2007 (the "Assessments") from the Internal Revenue Service assessing me $10,861,684.43 for the tax year ending December 31, 2003 and $9,709,023.74 for the tax year ending December 31, 2005.

4.    I am a real estate developer in the State of New York.  I, through partnerships, have a number of real estate development projects, which are dependent on bank financing.   The issuance of any liens or levies on my assets will have a substantial adverse effect on my business and as a result I will suffer irreparable harm.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in New York, New York on May 14th, 2008

_____
Simon Elias

Sworn to and subscribed before me this 14th day of May, 2008 by Simon Elias, who is known to me to be the affiant herein.

LIYA W. BEAUJEAN
Notary Public, State of New York
No. 01BE5078278
Qualified in Westchester County
Commission Expires May 19, 2011

_____
Notary Public

My commission expires:

_____

## AFFIDAVIT OF IZAK SENBAHAR

Personally appeared before me, the undersigned, Izak Senbahar, who, being duly sworn, stated:

1.    I, Izak Senbahar, am fully competent to make this affidavit.  To the best of my knowledge, all of the facts stated in this affidavit are true and correct.

2.    I am a partner in Kislev Partners, L.P.

3.    I have received Notices Numbered CP22E and dated December 3, 2007 (the "Assessments") from the Internal Revenue Service assessing me $10,246,106.40 for the tax year ending December 31, 2003, $3,133,358.87 for the tax year ending December 31, 2004, and $12,319,361.25 for the tax year ending December 31, 2005.

4.    I am a real estate developer in the State of New York.  I, through partnerships, have a number of real estate development projects, which are dependent on bank financing.  The issuance of any liens or levies on my assets will have a substantial adverse effect on my business and as a result I will suffer irreparable harm.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in New York, New York on May 14th, 2008

_____
Izak Senbahar

Sworn to and subscribed before me this 14th day of May, 2008 by Izak Senbahar, who is known to me to be the affiant herein.

LIYA W. BEAUJEAN
Notary Public, State of New York
No. 01BE5078278
Qualified in Westchester County
Commission Expires May 19, 2011

_Liya W. Beaujean_
Notary Public

My commission expires:

_____

# EXHIBIT A

**Internal Revenue Service**
230 S. Dearborn  MS 4031 CHI  Room 2043
Attn: Brenda Williams
Chicago, IL  60604

**Department of the Treasury**

Refer To:   Brenda Williams

Name of Partnership:  Kislev Partners L.P.

Partnership Identifying Number: ████████

Date:  **MAR 2 8 2007**

Tax Year Ended:  12/31/2002

Date FPAA Mailed to the Tax Matters Partner:

Izak Senbahar
as the Tax Matters Partner
Kislev Partners, L.P.
c/o Alexico Mgmt
150 East 58th Street
New York, NY  10155

**MAR 2 8 2007**

Person to Contact:  Brenda Williams
Employee Number:  36-08840

Contact Telephone Number:  312-566-2449
(not a toll free number)

Contact Hours:  8:00 AM to 4:30 PM

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and the tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

**PLAINTIFF'S EXHIBIT**

A

PENGAD 800-631-6989

Letter 1830 (DO) (Rev. 3-2001)

You have three options available to you:

**1. If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

**2. If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, NW**
**Washington, DC 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court can't consider your case if your petition is filed late. If this letter is addressed to both a husband and wife and both want to petition the Tax Court, both must sign the petition or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court of the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership

**Letter 1830 (DO) (Rev. 3-2001)**

| Form **870-LT** (Rev. 6-2006) | Department of the Treasury — Internal Revenue Service **Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts and Agreement for Affected Items** | IN REPLY REFER TO: Brenda Williams |
|---|---|---|

| Taxpayer(s) name(s), address and ZIP code: Izak Senbahar as the Tax Matters Partner Kislev Partners, L.P. c/o Alexico Mgmt. 150 East 58th Street New York, NY 10155 | Name of Partnership: Kislev Partners, L.P. Taxpayer Identifying Number: ▓▓▓▓▓▓▓ | Tax Year(s) Ended: December 31,2002 |
|---|---|---|
| | Name of Tax Matters Partner: | |
| Taxpayer Identifying Number: ▓▓▓▓▓▓ | Izak Senbahar | |

## Part I – Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts
## &
## Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive the restrictions provided by IRC sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement, plus any interest provided by law.

This is a binding settlement only when you sign this form, it is returned to us, and we sign on behalf of the Commissioner. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If Part I of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted.

| Signature of Taxpayer | Date Signed | Phone Number |
|---|---|---|
| Signature of Taxpayer | Date Signed | Phone Number |
| By (Signature and Title) | Date Signed | Phone Number |

| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

Catalog Number 57314P          www.irs.gov          (See instructions for Signing Agreement)          Form **870-LT** (Rev. 6-2006)

---

### Part II – Offer of Agreement for Affected Items and Waiver of Restrictions on Assessment

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partner level determinations (affected items) as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive the restrictions provided by IRC sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partner level determinations, as set forth in the attached schedule of adjustments, plus any interest provided by law. This is a binding settlement only when you sign this form; return it to us and we sign on behalf of the Commissioner.

If Part II of this agreement form is signed for the Commissioner, the treatment under this agreement of the specified affected items and the partner level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items will not be reopened in absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of affected items or partner level determinations as to penalties, additions to tax, and additional amounts, or a refund or credit based on any change in the treatment of these affected items or partner level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

This agreement with respect to affected items and partner level determinations as to penalties, additions to tax, and additional amounts is not subject to a request for consistent settlement terms pursuant to IRC section 6224(c)(2).

| Signature of Taxpayer | Date Signed | Phone Number |
|---|---|---|
| Signature of Taxpayer | Date Signed | Phone Number |
| By (Signature and Title) | Date Signed | Phone Number |

| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

Catalog Number 57314P    www.irs.gov    (See instructions for Signing Agreement)    Form **870-LT** (Rev. 6-2008)

## INSTRUCTIONS FOR SIGNING FORM 870-LT

1. Sign Part I (Offer of Settlement of Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts and Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts) of Form 870-LT to settle the partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts, if any, as shown on the attached Schedule of Adjustments.

2. Sign Part II (Offer of Settlement of Affected Items and Waiver of Restrictions on Assessment) of Form 870-LT to settle the items that require partner level determinations (affected items, including penalties, additions to tax, and additional amounts, if any). These items are also shown on the attached Schedule of Adjustments.

   If you sign Part I, but don't sign Part II, we will mail you one of the following:
   - An affected item report, including penalties, additions to tax, and additional amounts, if any, showing the adjustments to your return. You can agree to the affected items at that time or request further Appeals consideration. The report will explain how to do this.
   - A notice of deficiency for the affected items other than penalties, additions to tax, and additional amounts. The notice will tell you how to file a petition with the United States Tax Court to dispute the deficiency attributable to the affected items other than penalties, additions to tax, and additional amounts. Penalties, additions to tax, and additional amounts, if any, will be assessed. You must then pay the tax and penalties before you may file a claim for refund to raise any partner level defenses per IRC section 6230(c)(1).

   The execution and filing of this offer will expedite the adjustment of tax liability.

3. Your agreement to the corrected partnership items in Part I of Form 870-LT will remain in effect, whether or not you sign Part II of this form.

4. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-LT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

5. If the taxpayer is a corporation, the agreement must be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-LT.

6. Your attorney or agent may sign either part of the form for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

7. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

8. For a partner who is a member of a consolidated group and the agreement is for a partnership year(s) ending on or before the last day of a consolidated return year beginning before June 28, 2002, the agreement should be signed by a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for the relevant consolidated return year(s). The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the common parent corporation, should be displayed in the signature block. See Treas. Reg. § 1.1502-77A(a). However, if the agreement is for a partnership year(s) ending on or before the last day of a consolidated return year beginning on or after June 28, 2002, then a currently authorized officer of the subsidiary corporation should sign the agreement and should do so in the name of the subsidiary corporation. See Treas. Reg. § 1.1502-77(a)(6)(iii). The signature and title of a current officer of the subsidiary corporation, who is authorized to bind the corporation, should be displayed in the signature block.

   For a partner who is the common parent corporation of a consolidated group and the agreement is for a partnership year(s) ending on or before the last day of a consolidated return year beginning before, on or after June 28, 2002, a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for such consolidated return year(s) should sign the agreement in the name of the common parent corporation. See Treas. Reg. § 1.1502-77(a).

9. If the Tax Matters Partner signs this offer, please include the title with the signature.

10. If the Tax Matters Partner is a subsidiary corporation in a consolidated group and the agreement is for a partnership year(s) ending on or before the last day of a consolidated return year beginning before June 28, 2002, then a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for such consolidated return year should sign the agreement on behalf of the Tax Matters Partner. The signature and title of a current officer of the common parent corporation, who is authorized to bind the common parent corporation, should be displayed in the signature block. See Treas. Reg. § 1.1502-77A(a). An authorized officer for the subsidiary corporation should also sign it if, as the Tax Matters Partner, is binding non-notice partners under the agreement. However, if the agreement is for partnership year(s) ending on or before the last day of a consolidated return year beginning on or after June 28, 2002, then a currently authorized officer of the subsidiary corporation should sign the agreement in the name of the subsidiary corporation. See Treas. Reg. § 1.1502-77(a)(3)(v).

NOTE: The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

Department of the Treasury — Internal Revenue Service

# Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts and Agreement for Affected Items

## SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| Kislev Partners, L.P. | | | |
| TAXPAYER IDENTIFYING NUMBER ▓▓▓▓▓ | 12/31/2002 | | |
| DETAIL OF ADJUSTMENTS TO ORDINARY INCOME | | | |
| Ordinary income (loss) from trade or business | 3,911.00 | | |
| | | | |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | 3,911.00 | | |
| OTHER ADJUSTMENTS | | | |
| A. Portfolio income (loss) interest | | | |
| (1) ADJUSTMENT | (2,646.00) | | |
| (2) AS REPORTED | 2,646.00 | | |
| (3) CORRECTED | 0.00 | | |
| B. Other income (loss) | | | |
| (1) ADJUSTMENT | 6,551,884 | | |
| (2) AS REPORTED | (6,551,884) | | |
| (3) CORRECTED | 0.00 | | |

REMARKS

| Form 870-LT, Other Adjustments (Continued) | | | Page 2 of 2 |
|---|---|---|---|
| NAME OF PARTNERSHIP<br>Kislev Partners, L.P. | TAX YEAR(S) ENDED | | |
| TAXPAYER IDENTIFYING NUMBER ▉▉▉▉ | 12/31/2002 | | |
| C. Investment income included in portfolio Income | | | |
| (1) ADJUSTMENT | (2,646.00) | | |
| (2) AS REPORTED | 2,646.00 | | |
| (3) CORRECTED | 0.00 | | |
| D. Basis | | | |
| (1) ADJUSTMENT | • | | |
| (2) AS REPORTED | • | | |
| (3) CORRECTED | -0- | | |
| E. Capital Accounts | | | |
| (1) ADJUSTMENT | (135,680,434) | | |
| (2) AS REPORTED | 135,680,434 | | |
| (3) CORRECTED | 0.00 | | |
| F. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| G. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| H. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| I. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |

Exhibit A - Explanation of Items
**KISLEV PARTNERS, L.P.**
Final Partnership Administrative Adjustment Letter
Tax Year Ended - December 31, 2002    TIN: ███████

1.  It has not been established that the formation of Kislev Partners, LP (hereinafter the "partnership"), its purported acquisition of built-in-loss assets, the subsequent actual or deemed sale or exchange of such built-in loss assets (and/or assets whose adjusted bases were determined, in whole or in part, with reference to the adjusted basis of such assets), and/or the sale or exchange of interests in the partnership (or related partnerships) (hereinafter the "Transactions"), were imbued with economic substance and supported by bona fide business purpose.  Accordingly, all reported losses of the partnership arising from the Transactions involving and/or related to the built-in-loss assets (also referred to herein as the "distressed assets") are disallowed

2.  It has not been established that the partnership was formed and availed of for the purpose of carrying on business by partner or for the sharing of profits and losses from such activity.  The partnership and alleged transactions undertaken by the partnership and/or its purported partners were shams for federal tax purposes.  All claimed losses are accordingly disallowed, and the partnership is disregarded for federal income tax purposes.

3.  It has not been established that the form of the Transactions reflects the true substance of the Transactions for federal income tax purposes.  The contributions of distressed assets to the partnership are treated in substance as never having been contributed to it; such assets are instead treated as having been sold to the partnership by the purported partner contributing the same for an amount equal to the amount which such contributing partner allegedly received later upon the alleged sale or exchange of its interest in the partnership (or another partnership to which such interest was transferred).  In the alternative, such assets are treated in substance as having been purchased from the purported contributing partner by the partner allegedly purchasing such contributing partner's interest in the partnership (or another partnership to which such interest was transferred) in an amount equal to the amount paid for the alleged purchase of such partnership interest, followed by the contribution of the distressed assets by the purchasing partner to the partnership. Giving effect to the substance, not the form, of the Transactions, all claimed losses are disallowed.

4.  It has not been established that the Transactions involving the distressed assets should not be collapsed under the step transaction doctrine and taxed in accordance with their true substance as constituting part of a unified integrated plan in which the partnership

1

Exhibit A - Explanation of Items
**KISLEV PARTNERS, L.P.**
Final Partnership Administrative Adjustment Letter
Tax Year Ended - December 31, 2002   TIN:

was utilized as a mere conduit serving no business purpose and having no economic substance through which the distressed assets were in form allegedly passed to effectuate desired inflated basis in the distressed assets and non-economic artificial losses. Giving effect to the application of the step transaction doctrine, all claimed losses are disallowed.

5.  It has not been established that the partnership was formed and availed of, in connection with the Transactions, other than for the principal purpose to substantially reduce the present value of its partners' aggregate federal tax liabilities in a manner inconsistent with the intent of Subchapter K of the Internal Revenue Code. Pursuant to Section 1.701-2 of the Income Tax Regulations, it is determined that:

   a.  The partnership is disregarded and all actions and activity allegedly undertaken and/or conducted by the partnership are treated as having been undertaken and/or conducted by its purported partners in their individual capacities, not as partners;

   b.  All purported contributions of distressed assets to the partnership are treated as never having been contributed to it; such assets are instead treated as having been sold to the partnership by the purported partner contributing the same for an amount equal to the amount which such contributing partner allegedly received later upon the alleged sale or exchange of its interest in the partnership interest (or another partnership to which such interest was transferred). In the alternative, such assets are treated as having been purchased from the purported contributing partner by the partner allegedly purchasing such contributing partner's interest in the partnership (or another partnership to which such interest was transferred) in an amount equal to the amount paid for the alleged purchase of such partnership interest, followed by the contribution of the distressed assets by the purchasing partner to the partnership;

   c.  All alleged contributions to the partnership giving rise to claimed basis by the partnership in such assets are treated as not having been made to the partnership; the alleged transfers giving rise to said claimed contributions are instead treated as involving transfers by and among the alleged partners in their individual capacities, not as partners;

2

Exhibit A - Explanation of Items
**KISLEV PARTNERS, L.P.**
Final Partnership Administrative Adjustment Letter
Tax Year Ended - December 31, 2002    TIN: ██████

d. All claimed losses of the partnership arising from the Transactions are disallowed as not reflecting true economic loss of the partnership and/or any of the purported partners to whom such loss was allocated.

Accordingly, all claimed losses are disallowed in full.

6. It has not been established that the partnership had any basis in the distressed assets. In this regard, it has not been established that the distressed assets were in fact contributed or, if contributed, that the alleged contributing partner had any basis in such assets or that such assets had any value at the time they were contributed and were property within the meaning of Section 723. It is therefore determined that such bases are zero, and any claimed losses with respect to such assets are disallowed.

7. It is has not been established that the partnership incurred any claimed losses during the taxable year in issue or that it is otherwise entitled to any deduction under any provision of the Internal Revenue Code. Accordingly, all reported losses involving and/or related to the built-in-loss assets are disallowed.

8. It is has not been established that any claimed losses involving and/or related to the built-in-loss assets acquired by of the partnership resulted from a transaction entered into for profit, and, accordingly, no such losses are allowable under any provision of the Internal Revenue Code, including, but not limited to, Section 165(c)(2).

9. Alternatively, if any portion of the claimed basis in the distressed assets is otherwise allowable, it is determined that any portion of the basis and related loss claimed for the distressed assets that results from, or otherwise relates to, the excess of basis over fair market value (FMV) of such assets at the time the same were allegedly contributed to the partnership, should be allocated to the contributing partner, under the authority of Section 482 of the Internal Revenue Code.

10. Alternatively, if any portion of any claimed loss relating to the distressed assets is otherwise allowable, it is determined that with regard to any portion of the loss recognized on the actual or deemed sale or exchange of the distressed assets that is attributable to the excess of basis over FMV of the distressed assets at the time such assets were contributed to the partnership, the allocation of any of such loss to the U.S. partners is unreasonable, and that portion of such loss should be allocated to the alleged partners that purportedly

3

Exhibit A - Explanation of Items
**KISLEV PARTNERS, L.P.**
Final Partnership Administrative Adjustment Letter
Tax Year Ended - December 31, 2002   TIN: █████████

contributed the distressed assets, in accordance with the authority of Section 1.704-3(a)(8) and (10) of the Income Tax Regulations. Accordingly, in the alternative, the claimed loss relating to the distressed assets should be allocated to the partners that contributed the distressed assets.

11. Alternatively, it has not been established that any of the alleged partners of the partnership were at-risk under Section 465 of the Internal Revenue Code with regard to the activities conducted by the partnership during the taxable period(s) in issue.

12. Alternatively, it has not been established that claimed losses relating to the distressed assets were not passive activity losses subject to the limitations of Section 469 of the Internal Revenue Code.

<u>Penalties (applicable to all adjustments)</u>

1. The adjustments to the partnership items determined herein are attributable to a tax shelter within the meaning of Section 6662(d)(2)(C)(ii) of the Internal Revenue Code. The partnership and its purported partners/members had, as a significant purpose, the avoidance or evasion of federal income tax, lacked substantial authority for the positions taken, and did not have a reasonable belief that those positions were more likely than not the correct treatment of such items.

2. It is also determined that all of the underpayments of tax resulting from the adjustments of partnership items made herein are attributable to (1) a substantial understatement, (2) a gross valuation misstatement, and/or (3) negligence or disregard of rules or regulations.

3. In addition, it is determined that the partnership and its partners did not have reasonable cause and good faith for any of the resulting underpayments, or that any other exceptions to the accuracy-related penalty apply.

4. It is therefore determined that the accuracy-related penalty under Section 6662 of the Internal Revenue Code applies to all under-payments of tax attributable to adjustments of partnership items determined herein. The components of the accuracy-related penalty are imposed as follows:

4

Exhibit A - Explanation of Items
**KISLEV PARTNERS, L.P.**
Final Partnership Administrative Adjustment Letter
Tax Year Ended - December 31, 2002   TIN: ███████

A. a 40 percent penalty is imposed on any portion of the
underpayment that is attributable to a gross valuation misstatement
as provided by Sections 6662(a), 6662(b)(3), 6662(e), and 6662(h)
of the Internal Revenue Code.

B. a 20 percent penalty is imposed on any portion of the
underpayment  attributable to negligence or disregard of rules and
regulations as provided by Sections 6662(a), 6662(b)(1), 6662(c) of
the Internal Revenue Code.

C. a 20 percent penalty is imposed on the portion of the underpayment
attributable to the substantial understatement of income tax as
provided by sections 6662(a), 6662(b)(2), and 6662(d) of the
Internal Revenue Code.

D. a 20 percent penalty is imposed on the underpayment attributable
to the substantial valuation misstatement as provided by Sections
6662(a), 6662(b)(3)  and 6662(e) of the Internal Revenue Code.

5

# EXHIBIT B

B003870

29247-720-10069-7          200748  CP:

Department of the Treasury
**Internal Revenue Service**
P.O. Box 9002
Holtsville, NY  11742-9002

For assistance, call:
1-800-829-8374

**Notice Number:** CP22E
**Date:** December 10, 2007

**Taxpayer Identification Number:**
█████████

**Tax Form:** 1040
**Tax Year:** December 31, 2003

025668.395963.0097.003 2 AT 0.459 1024

NESIM  BAHAR
%THOMAS A CULLINAN
999 PEACHTREE ST NE STE 2300
ATLANTA  GA   30309-4416758

P25668

| **Amount You Owe** <br> **as of December 24, 2007** |
| --- |
| $2,306,305.07 |

### We Changed Your Account                    08221-298-96508-4

*We will explain why you received this notice, how we changed your account, how this change affects you, and actions you may wish to take.*

## Why You Received This Notice

We changed your 2003 federal income tax return because of your recent audit.  Please see your copy of the report for a detailed explanation.  As a result of the audit you owe an additional amount.

## How We Changed Your Account

We changed your account as follows:

| | |
| --- | --- |
| **Account balance before the audit** | **None** |
| Increase in tax because of audit | $1,320,212.00 |
| Interest charged | $487,305.47 |
| **Amount you now owe** | **$2,306,305.07** |

### How This Affects You

Please pay the full amount by December 24, 2007 to avoid additional penalty and interest.  When making your payment:

- Make your check or money order payable to the **United States Treasury**
- Write the Social Security number and tax year shown at the top of this notice on the check or money order
- Use the payment coupon included with this notice

If you cannot pay the balance in full, contact an IRS representative at 1-800-829-8374 to discuss payment options.  If you've recently contacted us to include this amount in an installment agreement or have already paid it in full, disregard this payment request.

PLAINTIFF'S
EXHIBIT

B

PENGAD 800-631-6989

**Other Actions You May Wish To Take**

If you do not agree with the changes to your account or if you have questions about this notice, you may call 1-800-829-8374.

Retain a copy of this notice with your federal tax records.

For tax forms, instructions and information visit **www.irs.gov**. Access to this site will not provide you with any taxpayer account information.

### Penalty and Interest

About Your Notice - The penalty and/or interest charges on your account are explained on the following pages. If you want a more detailed explanation of your penalties and interest, please call the telephone number listed on the top of this notice. You may call your local IRS telephone number if the number shown on your notice is a long-distance call for you. All days mentioned in the paragraphs below are calendar days, unless specifically stated otherwise.

### Penalties:

**40 Overstatement, Understatement, or Accuracy-Related Penalty $498,787.60**

For returns due before January 1, 1990, this penalty is one or more of the following: Valuation Overstatement, Valuation Understatement, or Substantial Understatement. For returns due after December 31, 1989, the accuracy-related penalty has been added. Refer to our Examining Officer's report for an explanation of the penalty.

*(Internal Revenue Code section 6662)*

### Interest:

**09 Interest**

We charged interest because you did not pay your tax on time. We multiplied the factor times the principal. Generally, we calculate interest from the due date of your return (regardless of extensions) until you pay your tax in full. The interest rate is variable and may change quarterly. We charge interest on all penalties except estimated tax penalties.

*(Internal Revenue Code section 6601)*

Brookhaven Service Center                                    Tax Period:    December 31, 2003

The table below shows how we figured your interest.  It may include amounts charged before the Adjustment.  We multiplied the factor times the principal.



| From Date | To Date | Days | Rate | Factor | Principal | Interest |
|-----------|---------|------|------|--------|-----------|----------|
| 04/15/2004 | 06/30/2004 | 76 | 5.0% | 0.010435882 | 1320235.00 | 13777.82 |
| 06/30/2004 | 09/30/2004 | 92 | 4.0% | 0.010104808 | 1334012.82 | 13479.94 |
| 09/30/2004 | 10/15/2004 | 15 | 5.0% | 0.002051141 | 1347492.76 | 2763.90 |
| 10/15/2004 | 11/22/2004 | 38 | 5.0% | 0.005204398 | 1849021.26 | 9623.04 |
| 11/22/2004 | 12/31/2004 | 39 | 5.0% | 0.005341721 | 1858643.78 | 9928.36 |
| 12/31/2004 | 03/31/2005 | 90 | 5.0% | 0.012404225 | 1868572.14 | 23178.19 |
| 03/31/2005 | 09/30/2005 | 183 | 6.0% | 0.030536685 | 1891750.33 | 57767.78 |
| 09/30/2005 | 12/31/2005 | 92 | 7.0% | 0.017798686 | 1949518.11 | 34698.86 |
| 12/31/2005 | 06/30/2006 | 181 | 7.0% | 0.035318388 | 1984216.97 | 70079.34 |
| 06/30/2006 | 12/31/2006 | 184 | 8.0% | 0.041148414 | 2054296.31 | 84531.04 |
| 12/31/2006 | 06/30/2007 | 181 | 8.0% | 0.040464123 | 2138827.35 | 86545.77 |
| 06/30/2007 | 12/10/2007 | 163 | 8.0% | 0.036367813 | 2225373.12 | 80931.95 |
| | | | | Total Interest: | | 487305.99 |

025668

    *      Additional Interest Charges

If the amount you owe is $100,000 or more, please make sure that we receive your payment within 10 work days from the date of your notice.  If the amount you owe is less than $100,000, please make sure that we receive your payment within 21 calendar days from the date of your notice.  If we don't receive full payment within these time frames, the law requires us to charge interest until you pay the full amount you owe.

Brookhaven Service Center                                    Tax Period:    December 31, 2003

**CUT OUT AND RETURN THE VOUCHER IMMEDIATELY BELOW IF YOU ONLY HAVE AN INQUIRY. DO NOT USE IF YOU ARE MAKING A PAYMENT.**

**CUT OUT AND RETURN THE VOUCHER AT THE BOTTOM OF THIS PAGE IF YOU ARE MAKING A PAYMENT, EVEN IF YOU ALSO HAVE AN INQUIRY.**

25668

✂ **CUT HERE** ━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

Return this voucher with your inquiry or correspondence.

Your Telephone Number:        Best Time to Call:

(      )_____-_____         _____AM_____PM

☐ **Correspondence enclosed:**
• Write your Taxpayer Identification Number, tax period and tax form number on your inquiry or correspondence

       4,014,699        4,008,186         23

SB            200748        40                29247-720-10069-7

22E    Internal Revenue Service
       P.O. Box 9002
       Holtsville, NY  11742-9002

NESIM BAHAR
%THOMAS A CULLINAN
999 PEACHTREE ST NE STE 2300
ATLANTA GA  30309-4416758

║ı║ıılıı║ıı║ıl║ı║ı║║ı║ıl║ıı║ıılıl║ı║

050842252 BI BAHA 30 0 200312 670 00230630507

✂ **CUT HERE** ━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

Return this voucher with your payment or correspondence.

Your Telephone Number:        Best Time to Call:

(      )_____-_____         _____AM_____PM

**Amount you owe:    $2,306,305.07**
• You will avoid additional penalties and/or interest if we receive your full payment by **December 24, 2007**

☐ **Amount enclosed:**    $_____

       4,014,699        4,008,186         23

• Make payable to United States Treasury
• Write Taxpayer Identification Number, tax period and tax form number on payment

☐ **Correspondence enclosed**

SB            200748        40                29247-720-10069-7

22E    Internal Revenue Service
       Cincinnati, OH  45999-0149

NESIM BAHAR
%THOMAS A CULLINAN
999 PEACHTREE ST NE STE 2300
ATLANTA GA  30309-4416758

ıl║ıl║ıl║ıl║ıl║ıl║ıı║ıııl║ıl║ıl║ıl║ı

050842252 BI BAHA 30 0 200312 670 00230630507

# EXHIBIT C

Department of the Treasury
**Internal Revenue Service**
P.O. Box 9002
Holtsville, NY 11742-9002

For assistance, call:
1-800-829-8374

**Notice Number:** CP22E
**Date:** December 10, 2007

**Taxpayer Identification Number:**
▉▉▉▉▉▉

025667.395963.0097.003 2 AT 0.459 1024

**Tax Form:** 1040
**Tax Year:** December 31, 2005

NESIM BAHAR
%THOMAS A CULLINAN
999 PEACHTREE ST NE STE 2300
ATLANTA GA 30309-4416758

| | Amount You Owe as of December 24, 2007 |
|---|---|
| | $2,209,134.70 |

i667

## We Changed Your Account      08221-303-45918-6

*We will explain why you received this notice, how we changed your account, how this change affects you, and actions you may wish to take.*

## Why You Received This Notice

We changed your 2005 federal income tax return because of your recent audit. Please see your copy of the report for a detailed explanation. As a result of the audit you owe an additional amount.

## How We Changed Your Account

We changed your account as follows:

| Account balance before the audit | None |
|---|---|
| Increase in tax because of audit | $1,584,834.00 |
| Interest charged | $256,124.30 |
| **Amount you now owe** | **$2,209,134.70** |

## How This Affects You

Please pay the full amount by December 24, 2007 to avoid additional penalty and interest. When making your payment:

- Make your check or money order payable to the **United States Treasury**
- Write the Social Security number and tax year shown at the top of this notice on the check or money order
- Use the payment coupon included with this notice

If you cannot pay the balance in full, contact an IRS representative at 1-800-829-8374 to discuss payment options. If you've recently contacted us to include this amount in an installment agreement or have already paid it in full, disregard this payment request.

**PLAINTIFF'S EXHIBIT**
C

PENGAD 800-631-6989

Page 1

**Other Actions You May Wish To Take**

If you do not agree with the changes to your account or if you have questions about this notice, you may call 1-800-829-8374.

Retain a copy of this notice with your federal tax records.

For tax forms, instructions and information visit **www.irs.gov**. Access to this site will not provide you with any taxpayer account information.

### Penalty and Interest

About Your Notice - The penalty and/or interest charges on your account are explained on the following pages. If you want a more detailed explanation of your penalties and interest, please call the telephone number listed on the top of this notice. You may call your local IRS telephone number if the number shown on your notice is a long-distance call for you. All days mentioned in the paragraphs below are calendar days, unless specifically stated otherwise.

### Penalties:

**40 Overstatement, Understatement, or Accuracy-Related Penalty $368,176.40**

For returns due before January 1, 1990, this penalty is one or more of the following: Valuation Overstatement, Valuation Understatement, or Substantial Understatement. For returns due after December 31, 1989, the accuracy-related penalty has been added. Refer to our Examining Officer's report for an explanation of the penalty.

*(Internal Revenue Code section 6662)*

### Interest:

**09 Interest**

We charged interest because you did not pay your tax on time. We multiplied the factor times the principal. Generally, we calculate interest from the due date of your return (regardless of extensions) until you pay your tax in full. The interest rate is variable and may change quarterly. We charge interest on all penalties except estimated tax penalties.

*(Internal Revenue Code section 6601)*

The table below shows how we figured your interest. It may include amounts charged before the Adjustment. We multiplied the factor times the principal.

| From Date | To Date | Days | Rate | Factor | Principal | Interest |
|-----------|---------|------|------|--------|-----------|----------|
| 04/15/2006 | 06/30/2006 | 76 | 7.0% | 0.014680663 | 1584834.00 | 23266.41 |
| 06/30/2006 | 10/15/2006 | 107 | 8.0% | 0.023726586 | 1608100.41 | 38154.73 |
| 10/15/2006 | 12/31/2006 | 77 | 8.0% | 0.017018048 | 2014431.54 | 34281.69 |
| 12/31/2006 | 06/30/2007 | 181 | 8.0% | 0.040464123 | 2048713.23 | 82899.38 |
| 06/30/2007 | 12/10/2007 | 163 | 8.0% | 0.036367813 | 2131612.61 | 77522.09 |
| | | | | | Total Interest: | 256124.30 |

667    *   Additional Interest Charges

If the amount you owe is $100,000 or more, please make sure that we receive your payment within 10 work days from the date of your notice. If the amount you owe is less than $100,000, please make sure that we receive your payment within 21 calendar days from the date of your notice. If we don't receive full payment within these time frames, the law requires us to charge interest until you pay the full amount you owe.

Brookhaven Service Center                                              Tax Period:    December 31, 2005

**CUT OUT AND RETURN THE VOUCHER IMMEDIATELY BELOW IF YOU ONLY HAVE AN INQUIRY. DO NOT USE IF YOU ARE MAKING A PAYMENT.**

**CUT OUT AND RETURN THE VOUCHER AT THE BOTTOM OF THIS PAGE IF YOU ARE MAKING A PAYMENT, EVEN IF YOU ALSO HAVE AN INQUIRY.**

5667

✂ CUT HERE ────────────────────────────────────

Return this voucher with your inquiry or correspondence.

☐ **Correspondence enclosed:**

Your Telephone Number:        Best Time to Call:
(    )_____-_____        _____AM_____PM

* Write your Taxpayer Identification Number, tax period and tax form number on your inquiry or correspondence

2,811,169        2,806,169        0

SB            200748        40            29247-720-10070-7

22E    Internal Revenue Service
P.O. Box 9002
Holtsville, NY  11742-9002

NESIM BAHAR
%THOMAS A CULLINAN
999 PEACHTREE ST NE STE 2300
ATLANTA GA  30309-4416758

050842252 BI BAHA 30 0 200512 670 00220913470

✂ CUT HERE ────────────────────────────────────

Return this voucher with your payment or correspondence.

**Amount you owe:    $2,209,134.70**

Your Telephone Number:        Best Time to Call:
(    )_____-_____        _____AM_____PM

* You will avoid additional penalties and/or interest if we receive your full payment by **December 24, 2007**

☐ **Amount enclosed:    $_____**

2,811,169        2,806,169        0

* Make payable to United States Treasury
* Write Taxpayer Identification Number, tax period and tax form number on payment

☐ **Correspondence enclosed**

SB            200748        40            29247-720-10070-7

22E    Internal Revenue Service
Cincinnati, OH  45999-0149

NESIM BAHAR
%THOMAS A CULLINAN
999 PEACHTREE ST NE STE 2300
ATLANTA GA  30309-4416758

050842252 BI BAHA 30 0 200512 670 00220913470

# EXHIBIT D

IRS USE ONLY

29247-725-10009-7   200748 CP:

Department of the Treasury
**Internal Revenue Service**
P.O. Box 9002
Holtsville, NY  11742-9002

or assistance, call:
1-800-829-8374

**Notice Number:** CP22E
**Date:** December 10, 2007

**Taxpayer Identification Number:**
▆▆▆▆▆▆▆

025666.395963.0097.003 2 AT 0.459 1024
|ı.ıl|lıı..ıll.ılıl.ılıılı.ıl·lılı.ılll.ııılılıl.ılıl|

**Tax Form:** 1040
**Tax Year:** December 31, 2003

```
SIMON   ELIAS
%THOMAS A CULLINAN
999 PEACHTREE ST NE STE 2300
ATLANTA  GA   30309-4416758
```

125666

For account of: SIMON & JACQUELINE M C ELIAS

| Amount You Owe |
| :---: |
| as of December 24, 2007 |
| $10,861,684.43 |

**We Changed Your Account**                08221-299-88624-4

*We will explain why you received this notice, how we changed your account, how this change affects you, and actions you may wish to take.*

## Why You Received This Notice

We changed your 2003 federal income tax return because of your recent audit.  Please see your copy of the report for a detailed explanation.  As a result of the audit you owe an additional amount.

The law requires us to send a copy of this notice to both you and your spouse.  Each copy contains the same information about your joint account.  Please pay the amount you owe only once.

## How We Changed Your Account

We changed your account as follows:

| Account balance before the audit | None |
| :--- | ---: |
| Increase in tax because of audit | $6,467,398.00 |
| Interest charged | $2,300,668.03 |
| **Amount you now owe** | **$10,861,684.43** |

## How This Affects You

Please pay the full amount by December 24, 2007 to avoid additional penalty and interest.  When making your payment:

- Make your check or money order payable to the **United States Treasury**
- Write the Social Security number and tax year shown at the top of this notice on the check or money order
- Use the payment coupon included with this notice



PLAINTIFF'S
EXHIBIT

_D_

If you cannot pay the balance in full, contact an IRS representative at 1-800-829-8374 to discuss payment options. If you've recently contacted us to include this amount in an installment agreement or have already paid it in full, disregard this payment request.

## Other Actions You May Wish To Take

You may qualify for innocent spouse relief. You can check to see if you qualify by either:

- Answering the interactive questions on our website at **www.irs.gov**  or
- Reviewing Publication 971, *Innocent Spouse Relief*  You can get this publication at the IRS website, your local IRS office, or by calling 1-800-TAX-FORM.

Retain a copy of this notice with your federal tax records.

For tax forms, instructions and information visit **www.irs.gov**. Access to this site will not provide you with any taxpayer account information.

## Penalty and Interest

About Your Notice - The penalty and/or interest charges on your account are explained on the following pages. If you want a more detailed explanation of your penalties and interest, please call the telephone number listed on the top of this notice. You may call your local IRS telephone number if the number shown on your notice is a long-distance call for you. All days mentioned in the paragraphs below are calendar days, unless specifically stated otherwise.

### Penalties:

### 40 Overstatement, Understatement, or Accuracy-Related Penalty $2,093,618.40

For returns due before January 1, 1990, this penalty is one or more of the following: Valuation Overstatement, Valuation Understatement, or Substantial Understatement. For returns due after December 31, 1989, the accuracy-related penalty has been added. Refer to our Examining Officer's report for an explanation of the penalty.

*(Internal Revenue Code section 6662)*

### Interest:

### 09 Interest

We charged interest because you did not pay your tax on time. We multiplied the factor times the principal. Generally, we calculate interest from the due date of your return (regardless of extensions) until you pay your tax in full. The interest rate is variable and may change quarterly. We charge interest on all penalties except estimated tax penalties.

Brookhaven Service Center                                    Tax Period:    December 31, 2003

*(Internal Revenue Code section 6601)*

The table below shows how we figured your interest.  It may include amounts charged before the
Adjustment.  We multiplied the factor times the principal.



025666

| From Date | To Date | Days | Rate | Factor | Principal | Interest |
|---|---|---|---|---|---|---|
| 04/15/2004 | 06/30/2004 | 76 | 5.0% | 0.010435882 | 6467166.00 | 67490.58 |
| 06/30/2004 | 09/30/2004 | 92 | 4.0% | 0.010104808 | 6534656.58 | 66031.45 |
| 09/30/2004 | 10/15/2004 | 15 | 5.0% | 0.002051141 | 6600688.03 | 13538.94 |
| 10/15/2004 | 11/29/2004 | 45 | 5.0% | 0.006166053 | 8707845.37 | 53693.04 |
| 11/29/2004 | 12/06/2004 | 7 | 5.0% | 0.000956676 | 8761770.41 | 8382.18 |
| 12/06/2004 | 12/31/2004 | 25 | 5.0% | 0.003420905 | 8770152.59 | 30001.86 |
| 12/31/2004 | 03/31/2005 | 90 | 5.0% | 0.012404225 | 8800154.45 | 109159.09 |
| 03/31/2005 | 09/30/2005 | 183 | 6.0% | 0.030536685 | 8909313.54 | 272060.90 |
| 09/30/2005 | 12/31/2005 | 92 | 7.0% | 0.017798686 | 9181374.44 | 163416.40 |
| 12/31/2005 | 06/30/2006 | 181 | 7.0% | 0.035318388 | 9344790.84 | 330042.95 |
| 06/30/2006 | 12/31/2006 | 184 | 8.0% | 0.041148414 | 9674833.79 | 398104.07 |
| 12/31/2006 | 06/30/2007 | 181 | 8.0% | 0.040464123 | 10072937.86 | 407592.60 |
| 06/30/2007 | 12/10/2007 | 163 | 8.0% | 0.036367813 | 10480530.46 | 381153.97 |
| | | | | | Total Interest: | 2300668.03 |

*    Additional Interest Charges

If the amount you owe is $100,000 or more, please make sure that we receive your payment within 10
work days from the date of your notice.  If the amount you owe is less than $100,000, please make sure
that we receive your payment within 21 calendar days from the date of your notice.  If we don't receive
full payment within these time frames, the law requires us to charge interest until you pay the full amount
you owe.

Brookhaven Service Center                                                    Tax Period:    December 31, 2003



**CUT OUT AND RETURN THE VOUCHER IMMEDIATELY BELOW IF YOU ONLY HAVE AN INQUIRY.  DO NOT USE IF YOU ARE MAKING A PAYMENT.**

**CUT OUT AND RETURN THE VOUCHER AT THE BOTTOM OF THIS PAGE IF YOU ARE MAKING A PAYMENT, EVEN IF YOU ALSO HAVE AN INQUIRY.**

25666

---

✂ **CUT HERE** ━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

Return this voucher with your inquiry or correspondence.

Your Telephone Number:          Best Time to Call:
(    )_____-_____        _____AM_____PM

15,762,393        15,735,122        17,591

□ **Correspondence enclosed:**
  • Write your Taxpayer Identification
    Number, tax period and tax form number
    on your inquiry or correspondence

SB            200748        40              29247-725-10009-7

22E    Internal Revenue Service
       P.O. Box 9002
       Holtsville, NY  11742-9002

       ‖₁‖₁‖‖₁‖₁‖₁‖₁‖₁‖₁‖‖₁‖₁‖‖₁‖₁‖₁‖‖₁‖‖

                                    SIMON  ELIAS
                                    %THOMAS A CULLINAN
                                    999 PEACHTREE ST NE STE 2300
                                    ATLANTA GA  30309-4416758

090589754 WW ELIA 30 0 200312 670 01086168443

✂ **CUT HERE** ━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

Return this voucher with your payment or correspondence.

Your Telephone Number:          Best Time to Call:
(    )_____-_____        _____AM_____PM

15,762,393        15,735,122        17,591

**Amount you owe:    $10,861,684.43**
  • You will avoid additional penalties and/or
    interest if we receive your full payment by
    **December 24, 2007**

□ **Amount enclosed:    $_____**
  • Make payable to United States Treasury
  • Write Taxpayer Identification Number, tax
    period and tax form number on payment

□ **Correspondence enclosed**

SB            200748        40              29247-725-10009-7

22E    Internal Revenue Service
       Cincinnati, OH  45999-0149

       ‖₁‖₁‖₁‖₁‖₁‖₁‖₁‖₁‖₁‖‖₁‖₁‖₁‖₁‖₁‖₁‖₁‖₁‖

                                    SIMON  ELIAS
                                    %THOMAS A CULLINAN
                                    999 PEACHTREE ST NE STE 2300
                                    ATLANTA GA  30309-4416758

090589754 WW ELIA 30 0 200312 670 01086168443

# EXHIBIT E

29247-725-10011-7          200748   CP:

RS USE ONLY          28 MAR 4

For assistance, call:
1-800-829-8374

Department of the Treasury
**Internal Revenue Service**
P.O. Box 9002
Holtsville, NY 11742-9002

**Notice Number:** CP22E
**Date:** December 10, 2007

**Taxpayer Identification Number:**
████████

025665.395963.0097.003 2 AT 0.459 1024
|..l|..!l....ll.!l..|l.|.l.|.l.|..|l|l|..||.|.|.|.|

**Tax Form:** 1040
**Tax Year:** December 31, 2005

    SIMON ELIAS
    %THOMAS A CULLINAN
    999 PEACHTREE ST NE STE 2300
    ATLANTA GA  30309-4416758

5665

| **Amount You Owe** <br> **as of December 24, 2007** |
|---|
| $9,709,026.7⁴ |

## We Changed Your Account                   08221-295-28015-6

*We will explain why you received this notice, how we changed your account, how this change affects you, and actions you may wish to take.*

## Why You Received This Notice

We changed your 2005 federal income tax return because of your recent audit. Please see your copy of the report for a detailed explanation. As a result of the audit you owe an additional amount.

## How We Changed Your Account

We changed your account as follows:

| Account balance before the audit | None |
|---|---|
| Increase in tax because of audit | $6,937,184.00 |
| Interest charged | $1,124,564.34 |
| **Amount you now owe** | **$9,709,026.74** |

## How This Affects You

Please pay the full amount by December 24, 2007 to avoid additional penalty and interest. When making your payment:

· Make your check or money order payable to the **United States Treasury**
· Write the Social Security number and tax year shown at the top of this notice on the check or money order
· Use the payment coupon included with this notice

If you cannot pay the balance in full, contact an IRS representative at 1-800-829-8374 to discuss payment options. If you've recently contacted us to include this amount in an installment agreement or have already paid it in full, disregard this payment request.

PLAINTIFF'S EXHIBIT
E
PENGAD 800-631-6989

**Other Actions You May Wish To Take**

If you do not agree with the changes to your account or if you have questions about this notice, you may call 1-800-829-8374.

Retain a copy of this notice with your federal tax records.

For tax forms, instructions and information visit **www.irs.gov**. Access to this site will not provide you with any taxpayer account information.

**Penalty and Interest**

About Your Notice - The penalty and/or interest charges on your account are explained on the following pages. If you want a more detailed explanation of your penalties and interest, please call the telephone number listed on the top of this notice. You may call your local IRS telephone number if the number shown on your notice is a long-distance call for you. All days mentioned in the paragraphs below are calendar days, unless specifically stated otherwise.

**Penalties:**

**40 Overstatement, Understatement, or Accuracy-Related Penalty $1,647,278.40**

For returns due before January 1, 1990, this penalty is one or more of the following: Valuation Overstatement, Valuation Understatement, or Substantial Understatement. For returns due after December 31, 1989, the accuracy-related penalty has been added. Refer to our Examining Officer's report for an explanation of the penalty.

*(Internal Revenue Code section 6662)*

**Interest:**

**09 Interest**

We charged interest because you did not pay your tax on time. We multiplied the factor times the principal. Generally, we calculate interest from the due date of your return (regardless of extensions) until you pay your tax in full. The interest rate is variable and may change quarterly. We charge interest on all penalties except estimated tax penalties.

*(Internal Revenue Code section 6601)*

3007329

Case 1:08-cv-04738-WHP   Document 1-2   Filed 05/21/2008   Page 32 of 54   Cr.
Brookhaven Service Center                                Tax Period:   December 31, 2005

The table below shows how we figured your interest.  It may include amounts charged before the Adjustment.  We multiplied the factor times the principal.

| From Date | To Date | Days | Rate | Factor | Principal | Interest |
|-----------|---------|------|------|--------|-----------|----------|
| 04/15/2006 | 06/30/2006 | 76 | 7.0% | 0.014680663 | 6937184.00 | 101842.46 |
| 06/30/2006 | 10/15/2006 | 107 | 8.0% | 0.023726586 | 7039026.46 | 167012.07 |
| 10/15/2006 | 12/31/2006 | 77 | 8.0% | 0.017018048 | 8853316.93 | 150666.17 |
| 12/31/2006 | 06/30/2007 | 181 | 8.0% | 0.040464123 | 9003983.10 | 364338.28 |
| 06/30/2007 | 12/10/2007 | 163 | 8.0% | 0.036367813 | 9368321.38 | 340705.36 |
| | | | | | Total Interest: | 1124564.34 |

665     *     Additional Interest Charges

If the amount you owe is $100,000 or more, please make sure that we receive your payment within 10 work days from the date of your notice.  If the amount you owe is less than $100,000, please make sure that we receive your payment within 21 calendar days from the date of your notice.  If we don't receive full payment within these time frames, the law requires us to charge interest until you pay the full amount you owe.

Brookhaven Service Center          Tax Period:     December 31, 2005

**CUT OUT AND RETURN THE VOUCHER IMMEDIATELY BELOW IF YOU ONLY HAVE AN INQUIRY. DO NOT USE IF YOU ARE MAKING A PAYMENT.**

**CUT OUT AND RETURN THE VOUCHER AT THE BOTTOM OF THIS PAGE IF YOU ARE MAKING A PAYMENT, EVEN IF YOU ALSO HAVE AN INQUIRY.**

5665

---

✂ **CUT HERE** ────────────────────────────────────

Return this voucher with your inquiry or correspondence.

Your Telephone Number:          Best Time to Call:
(    )_____-_____          _____AM_____PM

   11,098,444          11,085,871          17,906

☐ **Correspondence enclosed:**
• Write your Taxpayer Identification Number, tax period and tax form number on your inquiry or correspondence

SB          200748          40                    29247-725-10011-7

22E    Internal Revenue Service
     P.O. Box 9002
     Holtsville, NY  11742-9002

     SIMON ELIAS
     %THOMAS A CULLINAN
     999 PEACHTREE ST NE STE 2300
     ATLANTA GA  30309-4416758

090589754 WW ELIA 30 0 200512 670 00970902674

---

✂ **CUT HERE** ────────────────────────────────────

Return this voucher with your payment or correspondence.

Your Telephone Number:          Best Time to Call:
(    )_____-_____          _____AM_____PM

   11,098,444          11,085,871          17,906

**Amount you owe:**    **$9,709,026.74**
• You will avoid additional penalties and/or interest if we receive your full payment by **December 24, 2007**

☐ **Amount enclosed:**    **$_____**
• Make payable to United States Treasury
• Write Taxpayer Identification Number, tax period and tax form number on payment

☐ **Correspondence enclosed**

SB          200748          40                    29247-725-10011-7

22E    Internal Revenue Service
     Cincinnati, OH  45999-0149

     SIMON ELIAS
     %THOMAS A CULLINAN
     999 PEACHTREE ST NE STE 2300
     ATLANTA GA  30309-4416758

090589754 WW ELIA 30 0 200512 670 00970902674

# EXHIBIT F

Department of the Treasury
**Internal Revenue Service**
P.O. Box 9002
Holtsville, NY  11742-9002

**Notice Number:** CP22E
**Date:** December 3, 2007

**Taxpayer Identification Number:**

**Tax Form:** 1040
**Tax Year:** December 31, 2003

```
023473.394058.0088.002 2 AT 0.459 1024
```

IZAK   SENBAHAR
%THOMAS A CULLINAN
999 PEACHTREE ST NE STE 2300
ATLANTA   GA   30309-4416758

473

| **Amount You Owe** |
|:---:|
| **as of December 17, 2007** |
| **$10,246,106.40** |

For account of: IZAK & SARAH SENBAHAR

### We Changed Your Account                    08221-291-49708-4

*We will explain why you received this notice, how we changed your account, how this change affects you, and actions you may wish to take.*

## Why You Received This Notice

We changed your 2003 federal income tax return because of your recent audit.  Please see your copy of the report for a detailed explanation.  As a result of the audit you owe an additional amount.

The law requires us to send a copy of this notice to both you and your spouse.  Each copy contains the same information about your joint account.  Please pay the amount you owe only once.

## How We Changed Your Account

We changed your account as follows:

| Account balance before the audit | None |
|:---|---:|
| Increase in tax because of audit | $5,995,750.00 |
| Interest charged | $2,155,284.00 |
| **Amount you now owe** | **$10,246,106.40** |

## How This Affects You

Please pay the full amount by December 17, 2007 to avoid additional penalty and interest.  When making your payment:

· Make your check or money order payable to the **United States Treasury**
· Write the Social Security number and tax year shown at the top of this notice on the check or money order
· Use the payment coupon included with this notice

PLAINTIFF'S
EXHIBIT
F

Page 1

If you cannot pay the balance in full, contact an IRS representative at 1-800-829-8374 to discuss payment options. If you've recently contacted us to include this amount in an installment agreement or have already paid it in full, disregard this payment request.

## Other Actions You May Wish To Take

You may qualify for innocent spouse relief. You can check to see if you qualify by either:

- Answering the interactive questions on our website at **www.irs.gov** or
- Reviewing Publication 971, *Innocent Spouse Relief* You can get this publication at the IRS website, your local IRS office, or by calling 1-800-TAX-FORM.

Retain a copy of this notice with your federal tax records.

For tax forms, instructions and information visit **www.irs.gov**. Access to this site will not provide you with any taxpayer account information.

## Penalty and Interest

About Your Notice - The penalty and/or interest charges on your account are explained on the following pages. If you want a more detailed explanation of your penalties and interest, please call the telephone number listed on the top of this notice. You may call your local IRS telephone number if the number shown on your notice is a long-distance call for you. All days mentioned in the paragraphs below are calendar days, unless specifically stated otherwise.

### Penalties:

### 40 Overstatement, Understatement, or Accuracy-Related Penalty $2,095,072.40

For returns due before January 1, 1990, this penalty is one or more of the following: Valuation Overstatement, Valuation Understatement, or Substantial Understatement. For returns due after December 31, 1989, the accuracy-related penalty has been added. Refer to our Examining Officer's report for an explanation of the penalty.

*(Internal Revenue Code section 6662)*

### Interest:

### 09 Interest

We charged interest because you did not pay your tax on time. We multiplied the factor times the principal. Generally, we calculate interest from the due date of your return (regardless of extensions) until you pay your tax in full. The interest rate is variable and may change quarterly. We charge interest on all penalties except estimated tax penalties.

*(Internal Revenue Code section 6601)*

The table below shows how we figured your interest. It may include amounts charged before the Adjustment. We multiplied the factor times the principal.

| From Date | To Date | Days | Rate | Factor | Principal | Interest |
|-----------|---------|------|------|--------|-----------|----------|
| 04/15/2004 | 06/30/2004 | 76 | 5.0% | 0.010435882 | 5995750.00 | 62570.94 |
| 06/30/2004 | 09/30/2004 | 92 | 4.0% | 0.010104808 | 6058320.94 | 61218.17 |
| 09/30/2004 | 10/15/2004 | 15 | 5.0% | 0.002051141 | 6119539.11 | 12552.04 |
| 10/15/2004 | 12/31/2004 | 77 | 5.0% | 0.010573920 | 8227163.55 | 86993.37 |
| 12/31/2004 | 03/31/2005 | 90 | 5.0% | 0.012404225 | 8314156.92 | 103130.67 |
| 03/31/2005 | 09/30/2005 | 183 | 6.0% | 0.030536685 | 8417287.59 | 257036.06 |
| 09/30/2005 | 12/31/2005 | 92 | 7.0% | 0.017798686 | 8674323.65 | 154391.56 |
| 12/31/2005 | 06/30/2006 | 181 | 7.0% | 0.035318388 | 8828715.21 | 311815.99 |
| 06/30/2006 | 12/31/2006 | 184 | 8.0% | 0.041148414 | 9140531.20 | 376118.36 |
| 12/31/2006 | 06/30/2007 | 181 | 8.0% | 0.040464123 | 9516649.56 | 385082.88 |
| 06/30/2007 | 12/03/2007 | 156 | 8.0% | 0.034779162 | 9901732.44 | 344373.96 |
|  |  |  |  |  | Total Interest: | 2155284.00 |

\*    Additional Interest Charges

If the amount you owe is $100,000 or more, please make sure that we receive your payment within 10 work days from the date of your notice. If the amount you owe is less than $100,000, please make sure that we receive your payment within 21 calendar days from the date of your notice. If we don't receive full payment within these time frames, the law requires us to charge interest until you pay the full amount you owe.

**CUT OUT AND RETURN THE VOUCHER IMMEDIATELY BELOW IF YOU ONLY HAVE AN INQUIRY. DO NOT USE IF YOU ARE MAKING A PAYMENT.**

**CUT OUT AND RETURN THE VOUCHER AT THE BOTTOM OF THIS PAGE IF YOU ARE MAKING A PAYMENT, EVEN IF YOU ALSO HAVE AN INQUIRY.**

473

✂ **CUT HERE** ━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

Return this voucher with your inquiry or correspondence.

Your Telephone Number:          Best Time to Call:

(    )_____-_____          _____AM_____PM

| ☐ **Correspondence enclosed:** |
| • Write your Taxpayer Identification Number, tax period and tax form number on your inquiry or correspondence |

18,266,380          18,233,460          0

SB          200747          40          29247-719-10024-7

22E    Internal Revenue Service
       P.O. Box 9002
       Holtsville, NY  11742-9002

       ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

IZAK  SENBAHAR
%THOMAS A CULLINAN
999 PEACHTREE ST NE STE 2300
ATLANTA GA  30309-4416758

577980462 ZU SENB 30 0 200312 670 01024610640

✂ **CUT HERE** ━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

Return this voucher with your payment or correspondence.

Your Telephone Number:          Best Time to Call:

(    )_____-_____          _____AM_____PM

**Amount you owe:   $10,246,106.40**
• You will avoid additional penalties and/or interest if we receive your full payment by **December 17, 2007**

☐ **Amount enclosed:   $_____**
• Make payable to United States Treasury
• Write Taxpayer Identification Number, tax period and tax form number on payment

☐ **Correspondence enclosed**

18,266,380          18,233,460          0

SB          200747          40          29247-719-10024-7

22E    Internal Revenue Service
       Cincinnati, OH  45999-0149

       ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

IZAK  SENBAHAR
%THOMAS A CULLINAN
999 PEACHTREE ST NE STE 2300
ATLANTA GA  30309-4416758

577980462 ZU SENB 30 0 200312 670 01024610640

# EXHIBIT G

Department of the Treasury
**Internal Revenue Service**
P.O. Box 9002
Holtsville, NY  11742-9002

**Notice Number:** CP22E
**Date:**  December 3, 2007

**Taxpayer Identification Number:**
▓▓▓▓▓▓

023472.394058.0088.002 2 AT 0.459 1024
|..|.||..||...||.||....||..||.||...||.||..||..||.||

**Tax Form:** 1040
**Tax Year:** December 31, 2004

    IZAK   SENBAHAR
    %THOMAS A CULLINAN
    999 PEACHTREE ST NE STE 2300
    ATLANTA   GA   30309-4416758

| **Amount You Owe**<br>**as of December 17, 2007** |
|---|
| **$3,133,358.87** |

23472

For account of: IZAK & SARAH SENBAHAR

### We Changed Your Account

08221-303-50423-5

*We will explain why you received this notice, how we changed your account, how this change affects you, and actions you may wish to take.*

## Why You Received This Notice

We changed your 2004 federal income tax return because of your recent audit.  Please see your copy of the report for a detailed explanation.  As a result of the audit you owe an additional amount.

The law requires us to send a copy of this notice to both you and your spouse.  Each copy contains the same information about your joint account.  Please pay the amount you owe only once.

## How We Changed Your Account

We changed your account as follows:

| Account balance before the audit | None |
|---|---:|
| Increase in tax because of audit | $1,979,041.00 |
| Interest charged | $534,296.67 |
| **Amount you now owe** | **$3,133,358.87** |

### How This Affects You

Please pay the full amount by December 17, 2007 to avoid additional penalty and interest.  When making your payment:

- Make your check or money order payable to the **United States Treasury**
- Write the Social Security number and tax year shown at the top of this notice on the check or money order
- Use the payment coupon included with this notice



PLAINTIFF'S
EXHIBIT
q

Page 1

If you cannot pay the balance in full, contact an IRS representative at 1-800-829-8374 to discuss payment options. If you've recently contacted us to include this amount in an installment agreement or have already paid it in full, disregard this payment request.

## Other Actions You May Wish To Take

You may qualify for innocent spouse relief. You can check to see if you qualify by either:

- Answering the interactive questions on our website at **www.irs.gov** or
- Reviewing Publication 971, *Innocent Spouse Relief* You can get this publication at the IRS website, your local IRS office, or by calling 1-800-TAX-FORM.

Retain a copy of this notice with your federal tax records.

For tax forms, instructions and information visit **www.irs.gov**. Access to this site will not provide you with any taxpayer account information.

### Penalty and Interest

About Your Notice - The penalty and/or interest charges on your account are explained on the following pages. If you want a more detailed explanation of your penalties and interest, please call the telephone number listed on the top of this notice. You may call your local IRS telephone number if the number shown on your notice is a long-distance call for you. All days mentioned in the paragraphs below are calendar days, unless specifically stated otherwise.

### Penalties:

#### 40 Overstatement, Understatement, or Accuracy-Related Penalty $620,021.20

For returns due before January 1, 1990, this penalty is one or more of the following: Valuation Overstatement, Valuation Understatement, or Substantial Understatement. For returns due after December 31, 1989, the accuracy-related penalty has been added. Refer to our Examining Officer's report for an explanation of the penalty.

*(Internal Revenue Code section 6662)*

### Interest:

#### 09 Interest

We charged interest because you did not pay your tax on time. We multiplied the factor times the principal. Generally, we calculate interest from the due date of your return (regardless of extensions) until you pay your tax in full. The interest rate is variable and may change quarterly. We charge interest on all penalties except estimated tax penalties.

*(Internal Revenue Code section 6601)*

The table below shows how we figured your interest. It may include amounts charged before the Adjustment. We multiplied the factor times the principal.

| From Date | To Date | Days | Rate | Factor | Principal | Interest |
|-----------|---------|------|------|--------|-----------|----------|
| 04/15/2005 | 09/30/2005 | 168 | 6.0% | 0.027998974 | 1979041.00 | 55411.12 |
| 09/30/2005 | 10/15/2005 | 15 | 7.0% | 0.002880577 | 2034452.12 | 5860.40 |
| 10/15/2005 | 12/31/2005 | 77 | 7.0% | 0.014875259 | 2660333.72 | 39573.15 |
| 12/31/2005 | 06/30/2006 | 181 | 7.0% | 0.035318388 | 2699906.87 | 95356.36 |
| 06/30/2006 | 12/31/2006 | 184 | 8.0% | 0.041148414 | 2795263.23 | 115020.65 |
| 12/31/2006 | 06/30/2007 | 181 | 8.0% | 0.040464123 | 2910283.88 | 117762.09 |
| 06/30/2007 | 12/03/2007 | 156 | 8.0% | 0.034779162 | 3028045.97 | 105312.90 |

Total Interest: 534296.67

\*    Additional Interest Charges

If the amount you owe is $100,000 or more, please make sure that we receive your payment within 10 work days from the date of your notice. If the amount you owe is less than $100,000, please make sure that we receive your payment within 21 calendar days from the date of your notice. If we don't receive full payment within these time frames, the law requires us to charge interest until you pay the full amount you owe.

**CUT OUT AND RETURN THE VOUCHER IMMEDIATELY BELOW IF YOU ONLY HAVE AN INQUIRY. DO NOT USE IF YOU ARE MAKING A PAYMENT.**

**CUT OUT AND RETURN THE VOUCHER AT THE BOTTOM OF THIS PAGE IF YOU ARE MAKING A PAYMENT, EVEN IF YOU ALSO HAVE AN INQUIRY.**

3472

✂ **CUT HERE** ──────────────────────

Return this voucher with your inquiry or correspondence.

Your Telephone Number:    Best Time to Call:

(   )_____-_____    _____AM_____PM

881,012     717,924     0

☐ **Correspondence enclosed:**
- Write your Taxpayer Identification Number, tax period and tax form number on your inquiry or correspondence

SB     200747    40      29247-719-10023-7

22E   Internal Revenue Service
P.O. Box 9002
Holtsville, NY   11742-9002

|..||..|||..|.|.|.|.||.|.||..||....|.|.|.||

IZAK SENBAHAR
%THOMAS A CULLINAN
999 PEACHTREE ST NE STE 2300
ATLANTA GA   30309-4416758

577980462 ZU SENB 30 0 200412 670 00313335887

✂ **CUT HERE** ──────────────────────

Return this voucher with your payment or correspondence.

Your Telephone Number:    Best Time to Call:

(   )_____-_____    _____AM_____PM

881,012     717,924     0

**Amount you owe:**    **$3,133,358.87**
- You will avoid additional penalties and/or interest if we receive your full payment by **December 17, 2007**

☐ **Amount enclosed:**   $_____
- Make payable to United States Treasury
- Write Taxpayer Identification Number, tax period and tax form number on payment

☐ **Correspondence enclosed**    ☐

SB     200747    40      29247-719-10023-7

22E   Internal Revenue Service
Cincinnati, OH   45999-0149

|.|.|.|.|.|.|.|.|.|.|.||....||.||.|.||.|

IZAK SENBAHAR
%THOMAS A CULLINAN
999 PEACHTREE ST NE STE 2300
ATLANTA GA   30309-4416758

577980462 ZU SENB 30 0 200412 670 00313335887

# EXHIBIT H

Department of the Treasury
**Internal Revenue Service**
P.O. Box 9002
Holtsville, NY  11742-9002

**Notice Number:** CP22E
**Date:** December 3, 2007

**Taxpayer Identification Number:**

**Tax Form:** 1040
**Tax Year:** December 31, 2005

```
023471.394058.0088.002 2 AT 0.459 1024
```

IZAK   SENBAHAR
%THOMAS A CULLINAN
999 PEACHTREE ST NE STE 2300
ATLANTA  GA   30309-4416758

23471

| Amount You Owe as of December 17, 2007 |
| :---: |
| $12,319,361.25 |

For account of: IZAK & SARAH SENBAHAR

## We Changed Your Account

08221-304-39708-6

*We will explain why you received this notice, how we changed your account, how this change affects you, and actions you may wish to take.*

## Why You Received This Notice

We changed your 2005 federal income tax return because of your recent audit.  Please see your copy of the report for a detailed explanation.  As a result of the audit you owe an additional amount.

The law requires us to send a copy of this notice to both you and your spouse.  Each copy contains the same information about your joint account.  Please pay the amount you owe only once.

## How We Changed Your Account

We changed your account as follows:

| Account balance before the audit | None |
| :--- | ---: |
| Increase in tax because of audit | $9,245,328.00 |
| Interest charged | $1,426,834.45 |
| Amount you now owe | $12,319,361.25 |

## How This Affects You

Please pay the full amount by December 17, 2007 to avoid additional penalty and interest.  When making your payment:

- Make your check or money order payable to the **United States Treasury**
- Write the Social Security number and tax year shown at the top of this notice on the check or money order
- Use the payment coupon included with this notice



If you cannot pay the balance in full, contact an IRS representative at 1-800-829-8374 to discuss payment options. If you've recently contacted us to include this amount in an installment agreement or have already paid it in full, disregard this payment request.

## Other Actions You May Wish To Take

You may qualify for innocent spouse relief. You can check to see if you qualify by either:

- Answering the interactive questions on our website at **www.irs.gov** or
- Reviewing Publication 971, *Innocent Spouse Relief* You can get this publication at the IRS website, your local IRS office, or by calling 1-800-TAX-FORM.

Retain a copy of this notice with your federal tax records.

For tax forms, instructions and information visit **www.irs.gov**. Access to this site will not provide you with any taxpayer account information.

### Penalty and Interest

About Your Notice - The penalty and/or interest charges on your account are explained on the following pages. If you want a more detailed explanation of your penalties and interest, please call the telephone number listed on the top of this notice. You may call your local IRS telephone number if the number shown on your notice is a long-distance call for you. All days mentioned in the paragraphs below are calendar days, unless specifically stated otherwise.

### Penalties:

### 40 Overstatement, Understatement, or Accuracy-Related Penalty $1,647,198.80

For returns due before January 1, 1990, this penalty is one or more of the following: Valuation Overstatement, Valuation Understatement, or Substantial Understatement. For returns due after December 31, 1989, the accuracy-related penalty has been added. Refer to our Examining Officer's report for an explanation of the penalty.

*(Internal Revenue Code section 6662)*

### Interest:

### 09 Interest

We charged interest because you did not pay your tax on time. We multiplied the factor times the principal. Generally, we calculate interest from the due date of your return (regardless of extensions) until you pay your tax in full. The interest rate is variable and may change quarterly. We charge interest on all penalties except estimated tax penalties.

Brookhaven Service Center  Tax Period: December 31, 2005

*(Internal Revenue Code section 6601)*

The table below shows how we figured your interest. It may include amounts charged before the Adjustment. We multiplied the factor times the principal.

| From Date | To Date | Days | Rate | Factor | Principal | Interest |
|-----------|---------|------|------|--------|-----------|----------|
| 04/15/2006 | 06/30/2006 | 76 | 7.0% | 0.014680663 | 9245328.00 | 135727.54 |
| 06/30/2006 | 10/15/2006 | 107 | 8.0% | 0.023726586 | 9381055.54 | 222580.42 |
| 10/15/2006 | 12/31/2006 | 77 | 8.0% | 0.017018048 | 11250834.76 | 191467.24 |
| 12/31/2006 | 06/30/2007 | 181 | 8.0% | 0.040464123 | 11442302.00 | 463002.72 |
| 06/30/2007 | 12/03/2007 | 156 | 8.0% | 0.034779162 | 11905304.72 | 414056.53 |
| | | | | | Total Interest: | 1426834.45 |

\*    Additional Interest Charges

If the amount you owe is $100,000 or more, please make sure that we receive your payment within 10 work days from the date of your notice. If the amount you owe is less than $100,000, please make sure that we receive your payment within 21 calendar days from the date of your notice. If we don't receive full payment within these time frames, the law requires us to charge interest until you pay the full amount you owe.

Brookhaven Service Center                                                    Tax Period: December 31, 2005

• **CUT OUT AND RETURN THE VOUCHER IMMEDIATELY BELOW IF YOU ONLY HAVE AN INQUIRY. DO NOT USE IF YOU ARE MAKING A PAYMENT.**

**CUT OUT AND RETURN THE VOUCHER AT THE BOTTOM OF THIS PAGE IF YOU ARE MAKING A PAYMENT, EVEN IF YOU ALSO HAVE AN INQUIRY.**

23471

✂ **CUT HERE** ────────────────────────────────

Return this voucher with your inquiry or correspondence.

Your Telephone Number:          Best Time to Call:

(     )_____-_____          _____AM_____PM

        14,511,653        14,480,806        0

☐ **Correspondence enclosed:**
• Write your Taxpayer Identification Number, tax period and tax form number on your inquiry or correspondence

SB          200747        40                29247-719-10022-7

22E    Internal Revenue Service
       P.O. Box 9002
       Holtsville, NY 11742-9002

IZAK SENBAHAR
%THOMAS A CULLINAN
999 PEACHTREE ST NE STE 2300
ATLANTA GA 30309-4416758

ılılılılıllılılılılılılılılılılılıl

577980462 ZU SENB 30 0 200512 670 01231936125

✂ **CUT HERE** ────────────────────────────────

Return this voucher with your payment or correspondence.

Your Telephone Number:          Best Time to Call:

(     )_____-_____          _____AM_____PM

        14,511,653        14,480,806        0

**Amount you owe:    $12,319,361.25**
• You will avoid additional penalties and/or interest if we receive your full payment by **December 17, 2007**

☐ **Amount enclosed:    $_____**
• Make payable to United States Treasury
• Write Taxpayer Identification Number, tax period and tax form number on payment

☐ **Correspondence enclosed**

SB          200747        40                29247-719-10022-7

22E    Internal Revenue Service
       Cincinnati, OH 45999-0149

IZAK SENBAHAR
%THOMAS A CULLINAN
999 PEACHTREE ST NE STE 2300
ATLANTA GA 30309-4416758

ılılılılılılılılılılllılılılılıllılıl

577980462 ZU SENB 30 0 200512 670 01231936125

# EXHIBIT I

CAP COPY    001298    200312 SBM

 **IRS** Department of the Treasury
Internal Revenue Service
HOLTSVILLE, NY  11742-9019

Notice Number: CP 504
Notice Date:  05-12-2008

SSN/EIN: ▮▮▮▮▮▮▮▮
Caller ID:

7105 5678 7188 5143 3085

NESIM BAHAR
%THOMAS A CULLINAN
999 PEACHTREE ST NE STE 2300
ATLANTA  GA  30309-4416758



*050842252101*

008114

# Urgent !!
## We intend to levy on certain assets. Please respond NOW.
(To avoid additional penalty and interest, pay the amount you owe within ten days from the date of this notice.)

Our records indicate that you haven't paid the amount you owe. The law requires that you pay your tax at the time you file your return. This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full. In addition, we will begin to search for other assets we may levy. We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.** If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below. Current balance may include Civil Penalty, if assessed.

### Account Summary

| Form: 1040 | Tax Period: 12-31-2003 |
|---|---|

Current Balance:  $2,406,910.41
Includes:
Penalty            $33,005.26
Interest           $67,600.08
Last Payment       $0.00

For information on your penalty & interest computations, you may call 1-800-829-8374

Questions?  Call us at **1-800-829-8374**

See the enclosed Publication 594, The IRS Collection Process, and Notice 1219B, Notice of Potential Third Party Contact for additional information.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date: 05-12-2008

write on your check:

| 1040 | 12-31-2003 | ▮▮▮▮▮▮▮ |
|---|---|---|

Find information about filing and paying taxes at: www.irs.gov
Enter Keyword: filing late (or) paying late

Amount Due:
$2,406,910.41

Internal Revenue Service
CINCINNATI, OH  45999-0149

NESIM BAHAR
%THOMAS A CULLINAN
999 PEACHTREE ST NE STE 2300
ATLANTA  GA  30309-4416758

050842252 BI BAHA 30 0 200312 670 00240691041





C08114

# Cut and use this coupon if you are sending us correspondence only with NO payment enclosed.

**(For payments, please use the other coupon attached to the notice.)**

✂ Please mail this part with your inquiry.

Notice Number: CP504
Notice Date: 05-12-2008

| 1040 | 12-31-2003 | ████ |
|------|------------|------|

Amount Due:
$2,406,910.41

Internal Revenue Service
P.O. BOX 9019
HOLTSVILLE, NY  11742-9019
IııIIı..IIIı..Iıl.Iıl.Iıllııll.....IIIl..Iıl.I

NESIM BAHAR
%THOMAS A CULLINAN
999 PEACHTREE ST NE STE 2300
ATLANTA  GA   30309-4416758

050842252 BI BAHA 30 0 200312 670 00240691041

BAHA

# Penalty and Interest

**About Your Notice** - The penalty and interest charges on your account are explained below. If you want a more detailed explanation of your penalties and interest, please call the telephone number listed on the front of this notice. You may call your local IRS telephone number if the number shown on your notice is a long-distance call for you. All days mentioned in the paragraphs below are calendar days, unless specifically stated otherwise.

008124

## Penalty:     $33,005.26

**07 Paying Late**

**IRC section 6651 (a) (2)**

We charged a penalty because you didn't pay your tax on time. Initially, the penalty is 1/2 % of the unpaid tax for each month or part of a month you didn't pay your tax.

If you disagree with this penalty, see "Removal of Penalties" in this notice.

### Removal of Penalties

The law lets us remove or reduce penalties if you have reasonable cause or receive erroneous written advice from IRS.

### Reasonable Cause

If you believe you have an acceptable reason why IRS should remove or reduce your penalties, send us a signed explanation. After we review your explanation, we will notify you of our decision. In some cases, we may ask you to pay the tax in full before we remove or reduce the penalty for paying late.

### Erroneous Advice from IRS

We will remove your penalty if all of the following apply:

1. You asked IRS for advice on a specific issue.
2. You gave IRS complete and accurate information.
3. You received advice from IRS.
4. You relied on the advice IRS gave you, and
5. You were penalized based on the advice IRS gave you.

To request removal of the penalty because of erroneous advice from IRS, you should do the following: (1) complete Form 843, *Claim for Refund and Request for Abatement*, and (2) send it to the IRS Service Center where you filed your return.

# Interest:     $67,600.08

**09 Interest**

**IRC section 6601**

We charge interest when your tax isn't paid on time. Interest is computed from the due date of your return (regardless of extensions) until paid in full.

Interest compounds daily except on late or underpaid estimated taxes for individuals or corporations. Interest is also charged on penalties for late filing, over or understating valuations, and substantially understating the tax you owe.

Corporate Interest - We charge additional interest of 2% if, according to our records, you didn't make your corporate tax payment within 30 days after the IRS notified you of the underpayment of tax. This interest begins on the 31st day after we notify you of the underpayment on tax amounts you owe over $100,000, minus your timely payments and credits.

 **Department of the Treasury
Internal Revenue Service**

Notice 1155 (CG/EN/SP)

# Disaster Relief from the IRS



SCR114

If you have been impacted by the recent disaster in your area and are unable to meet your tax obligations, the IRS may be able to assist with payment and filing extensions, and if qualified, with an expedited tax refund for casualty losses. Please call the IRS Disaster Hotline at 1-866-562-5227 to find out what type of administrative tax relief is available.

For assistance in calculating any disaster loss, please call 1-800-829-3676 and order Publication 2194, *Disaster Losses Kit for Individuals* or Publication 2194-B, *Disaster Losses Kit for Businesses*. If you have access to the Internet you may log on to **www.irs.gov** and use the keyword "disaster" to view additional information.

Aviso 1155

# Alivio de Desastre por parte del IRS

Si usted ha sido impactado por el reciente desastre en su área y no ha podido cumplir con sus obligaciones tributarias, el IRS podría ayudarle a extender el término para el pago la y presentación, y si califica, con un reembolso rápido del impuesto por las pérdidas fortuitas. Por favor llame a la Línea de Emergencia del IRS al 1-866-562-5227, para averiguar qué tipo de alivio administrativo tributario está disponible.

Para ayudarle a calcular cualquier pérdida fortuita, por favor llame al 1-800-829-3676, y ordene la Publicación 2194, *Disaster Losses Kit for Individuals* (Paquete de Formas para Individuos Sobre Pérdidas Fortuitas) o la Publicación 2194-B, *Disaster Losses Kit for Businesses* (Paquete de Formas para Negocios Sobre Pérdidas Fortuitas), ambas en inglés. Si usted tiene acceso al Internet conéctese con la página del IRS en **www.irs.gov**, y use la palabra clave "desastre" (disaster), para ver la información adicional.