USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
NESIM BAHAR et al.,                            :

                  Plaintiffs,    :    08 Civ. 4738 (WHP)

    -against-                                 :    MEMORANDUM & ORDER

UNITED STATES OF AMERICA,                      :

                  Defendant.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs Nesim Bahar, Simon Elias, Jacqueline M.C. Elias, Izak Senbahar, and Sarah Senbahar (collectively "Plaintiffs") bring this action pursuant to Sections 6213 and 6230 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1-9833, as amended, to enjoin the United States of America (the "Government") from collecting certain tax assessments for the taxable years 2003-2005. By Memorandum & Order dated May 4, 2009 ("May 2009 Memorandum & Order") this Court denied Plaintiffs' motion for a preliminary injunction and dismissed this action for lack of subject matter jurisdiction. Bahar v. United States, No. 08 Civ. 4738 (WHP), 2009 WL 1285946 (S.D.N.Y. May 4, 2009). Plaintiffs move for reconsideration, asserting that a notice issued by the Internal Revenue Service ("IRS") Office of Chief Counsel on March 11, 2009 (the "Notice") constitutes newly discovered evidence that would have changed the outcome of their motion. For the following reasons, Plaintiffs' motion for reconsideration is denied.

"To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. New York City Dept. of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). A motion for reconsideration under Local Rule 6.3 "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Newly discovered evidence must consist of facts existing at the time of the prior decision that are admissible and would probably change the result of the former ruling. See Kahn v. NYU Med. Ctr., No. 06 Civ. 13455 (LAP), 2008 WL 190765, at *2 (S.D.N.Y. Jan. 15, 2008), aff'd, No. 08-0502, 2009 WL 2171322 (2d Cir. July 21, 2009). Reconsideration is not an invitation for parties to "treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." De Los Santos v. Fingerson, No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998). The standard for reconsideration is strict and the decision is "within the sound discretion of the district court." Colodney v. Continuum Health Partners, Inc., No. 03 Civ. 7276 (DLC), 2004 WL 1857568, at *1 (S.D.N.Y. Aug. 18, 2004).

Plaintiffs argue that the Notice provides that a partner's basis in a partnership interest is an affected item requiring a determination at the partner level and statutory notice. Therefore, Plaintiffs assert that this Court erred in holding that assessments were computational adjustments under 26 U.S.C. § 6213(a).

The Notice issued by the IRS Office of Chief Counsel "do[es] not carry the force of law." Tax Analysts v. Internal Revenue Serv., 416 F. Supp. 2d 119, 126 (D.D.C. 2006); see also Christensen v. Harris County, 529 U.S. 576, 587 (2000) ("Interpretations such as those in opinion letters-like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law-do not warrant Chevron-style deference."). Contrary to Plaintiffs' assertion, the Notice is not an intervening change of controlling law. Moreover, Plaintiffs' argument that partner-level determinations are necessary to determine each partner's basis in the partnership is no different from the argument advanced in their original motion. Indeed, Plaintiffs cited Domulewicz v. Comm'r, 129 T.C. 11, 20 (2007) for the unremarkable proposition that partner level determinations are required, and thus the deficiency procedures apply, where it is necessary to determine a partner's basis in a partnership. Plaintiffs' argument was not overlooked. See Dyer v. V.P. Records Retail Outlet, Inc., No. 05 Civ. 6583 (WHP), 2009 WL 1137968, at *2 (S.D.N.Y. Jan. 6, 2009) (denying reconsideration where party advanced the same arguments as in the original motion).

Finally, the Notice does not represent newly discovered evidence. As an agency's interpretation of the tax code, it contains no <u>facts</u> that existed at the time of the May 2009 Memorandum & Order. Nor would it change the result reached by this Court when it considered Plaintiffs' argument and rejected it. <u>See</u> <u>Bahar</u>, 2009 WL 1285946, at *5 ("In calculating Plaintiffs' respective tax liabilities for the years 2002-2005, the IRS disallowed Plaintiffs' distributive shares of the loss as recognized by the 2002 FPAA, and recalculated Plaintiffs' respective tax liabilities."). Accordingly, Plaintiffs' motion for reconsideration is denied.

Dated: August 4, 2009
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Lewis S. Wiener, Esq.
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Ave., N.W
Washington, DC 20004
*Counsel for Plaintiffs*

Pierre G. Armand, Esq.
Office of the United States Attorney
86 Chambers Street
New York, NY 10007
*Counsel for Defendant*